# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 22-272V

|  |  |
|---|---|
| KATHY F. MCMURTY, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: June 9, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Philip Irwin*, Neal & Harwell, PLC, Nashville, TN, for Petitioner.

*Elizabeth Andary*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On March 10, 2022, Kathy F. McMurty ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, which was causally related to a tetanus-diphtheria-and pertussis ("Tdap") vaccine she received on March 11, 2019. Petition at 1.

For the reasons discussed below, I find Petitioner has not established that she suffered the residual effects of her injury for more than six months, and therefore dismissal of the claim is warranted.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

### I.     Procedural History

Petitioner filed this matter on March 10, 2022. On October 6, 2023, Respondent filed his Rule 4(c) Report, opposing compensation in this case, arguing that the Vaccine Act's "severity requirement" could not be met. ECF 26 at 3. Petitioner was subsequently ordered to show cause why her inability to meet this claim requirement is not grounds for the claim's dismissal. ECF No. 28. Petitioner filed her response on February 12, 2024. Petitioner's Response to Show Cause Order (Pet. Res.), ECF No. 33. The matter is ripe for resolution.

### II.    Factual Background

Petitioner received a Tdap vaccine on March 11, 2019. Ex. 1 at 1, Ex. 2 at 2. She had no prior history of left shoulder pain, inflammation, or dysfunction. A week later, on March 18, 2019, Petitioner went to a walk-in clinic, reporting that she had a Tdap vaccine one week earlier and experienced initial pain that developed into severe pain three days later. Ex. 6 at 2. Her symptoms were consistent with a rotator cuff tear or possibly severe tendinitis secondary to her vaccination. *Id.*

Petitioner saw orthopedist Dr. Ian Byram on March 22, 2019. Ex. 5 at 10. After an examination, she was diagnosed with subacromial bursitis and a traumatic incomplete tear of the rotator cuff. *Id.* at 11-12. An MRI on April 12, 2019, showed potential infectious or chemical bursitis, a tear of the supraspinatus tendon, and degeneration of the anterior inferior labrum with a focal tear. Ex. 4 at 2-3.

On May 10, 2019, Petitioner returned to Dr. Byram. Ex. 5 at 5. She reported improved symptoms, only rating her pain as two out of ten. *Id.* Dr. Byram administered a cortisone injection and referred her to physical therapy. *Id.* at 6-7.

Between May 29, 2019 and July 3, 2019, Petitioner attended twelve physical therapy visits. Ex. 3 at 17-50. At her second-to-last appointment, she reported that her pain was zero out of ten at best, and three out of ten at worst. *Id.* at 47. She also reported her shoulder was improved to ninety percent. *Id.* At her last appointment, she reported the same pain levels and that her shoulder was "feeling much better." *Id.* at 50.

Petitioner returned to Dr. Byram on July 5, 2019. She reported some "popping" but no pain. Ex. 5 at 3. An examination showed symmetric range of motion and full strength in her left shoulder. *Id.*

There is a subsequent, three-year treatment gap, with no reports of shoulder pain. Ex. 7 at 8-9 (routine physical exam on January 31, 2020, with no reports of shoulder pain or discomfort); *Id.* at 1-2 (routine physical exam on January 29, 2021, with no reports of shoulder pain or discomfort). Then, on August 9, 2022, Petitioner returned to Dr. Byram for intermittent pain over the last three years. Ex. 5A at 3. However, at that time her pain was reported as zero out of ten. *Id.* She exhibited slightly reduced range of motion and strength, positive Jobe, Hawkins, and Neers tests. *Id.* Dr. Byram diagnosed her with a tear of the left rotator cuff and pain in the shoulder joint. *Id.* No other contemporaneous medical records have been filed in this matter.

### III.   Affidavit evidence

Petitioner submitted two affidavits in support of her claim. Ex. 8; Supplemental Affidavit of Kathy F. McMurtry ("Supp. Aff."). In her initial affidavit, Petitioner summarized her injury and course of treatment. Ex. 8. In her supplemental affidavit, Petitioner stated that by July 2019 she experienced no pain when her arm was in the resting position, but she experienced significant pain when performing certain tasks. Supp. Aff. At 5-6. After her discharge from physical therapy, Petitioner performed a daily exercise program prescribed by her physical therapist. *Id.* at 8. Further, from March 11, 2019, through at least January 2020. Petitioner also stated she experienced continuous pain in her left shoulder when required to lift anything over ten pounds or with certain movements and continued to do a daily home exercise program. *Id.* at 7, 9.

Petitioner further submitted an affidavit from David B. McMurtry, Petitioner's husband. ECF No. 32. Mr. McMurtry stated that Petitioner's condition improved by July of 2019, however she continued to do a daily exercise program until at least January of 2020. *Id.* at 2. Further, for "approximately one (1) year following her injection injuries, [Petitioner] was unable to engage in her normal day-to-day activities without pain." *Id.* at 3.

## ANALYSIS

Before compensation can be awarded under the Vaccine Act, a petitioner must demonstrate, by a preponderance of evidence, all matters required under Section 11(c)(1), including the factual circumstances surrounding her claim. Section 13(a)(1)(A). In making this determination, the special master or court should consider the record as a whole. Section 13(a)(1). Petitioner's allegations must be supported by medical records or by medical opinion. *Id.*

In particular, a petitioner must establish that she suffered an injury meeting the

Table criteria (*i.e.* a Table injury), in which case causation is presumed, or an injury shown to be caused-in-fact by the vaccination she received. If a petitioner establishes a Table injury the burden shifts to respondent to establish a more likely alternative cause. Section 13(a)(1)(A), 11(c)(1)(C)(i), 14(a). If a petitioner cannot establish a Table injury, or she may pursue causation-in-fact under the legal standard set forth in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Section 14(a). Pursuant to the Vaccine Injury Table, a SIRVA is compensable if it manifests within 48 hours of the administration of an influenza vaccine. 42 C.F.R. § 100.3(a)(XIV)(B).

In addition to causation, a petitioner must also meet the requirements establishing that the vaccine received is "covered" by the Program, the duration and severity of petitioner's injury, and the lack of other award or settlement.[3] With regard to severity, a petitioner must show that she suffered the residual effects or complications of her injury or condition for more than six months after the administration of the vaccine. § 11(c)(1)(D)(i); *see Song v. Sec'y of Health & Hum. Servs.*, 31 Fed. Cl. 61, 65-66 (1994), aff'd, 41 F.3d 1520 (Fed. Cir. 2014) (noting that a petitioner must demonstrate the six-month severity requirement by a preponderance of the evidence). Finding that petitioner has met the severity requirement cannot be based on petitioner's word alone, though a special master need not base their finding solely on medical records. Section 13(a)(1); *see Colon v. Sec'y of Health & Hum. Servs.*, 156 Fed. Cl. 534, 541 (2021). Severity must be established regardless of whether the claim arises under the Table or is a causation-in-fact claim.

The parties dispute whether Petitioner has demonstrated that she suffered "residual effects or complications of [the injury alleged] for more than six months after the administration of the vaccine," as required for eligibility under the Vaccine Program. Section 11(c)(1)(D)(i). Because Petitioner received the flu vaccine on March 11, 2019, she must demonstrate by preponderant evidence that her residual symptoms continued at least through September 11th of that same year (assuming onset of pain the day of vaccination). *See, e.g., Herren v. Sec'y of Health & Human Servs.*, No. 13-100V, 2014 WL 3889070, at *2 (Fed. Cl. Spec. Mstr. July 18, 2014); *see also Hinnefeld v. Sec'y of Health & Human Servs.*, No. 11-328V, 2012 WL 1608839, at *4-5 (Fed. Cl. Spec. Mstr.

---

[3] In summary, a petitioner must establish that she received a vaccine covered by the Program, administered either in the United States and its territories or in another geographical area but qualifying for a limited exception; suffered the residual effects of her injury for more than six months, died from her injury, or underwent a surgical intervention during an inpatient hospitalization; and has not filed a civil suit or collected an award or settlement for her injury. *See* § 11(c)(1)(A)(B)(D)(E).

Mar. 30, 2012) (dismissing case where medical history revealed that petitioner's injury resolved less than two months after onset).

The record herein, however, establishes that Petitioner's initial treatment occurred over approximately four months, or until July 3, 2019. At that time, Petitioner reported no pain, had full strength, and symmetric range of motion in her left shoulder. Ex. 5 at 3-4. And there are subsequently no records containing reference to shoulder pain until August 9, 2022 – *over three years later* - at which time she reported intermittent pain for the past three years. Ex. 5A at 3. Petitioner also has not provided an explanation as to why she did not seek formal treatment for this three-year period, only attesting that she performed an at-home exercise program until at least January 2020.

Thus, the evidence only demonstrates a short period of limited treatment that led to improvement by July 2019, well prior to the six-month cut-off – and with no indication of a plan to continue treatment. And then no treatment was pursued at all for years thereafter, allowing for any number of possible intervening factors to explain Petitioner's renewed symptoms. I cannot conclude from this that the record preponderantly establishes Petitioner's injury persisted for the six months required by the Act.

## Conclusion

Because Petitioner has failed to meet the severity requirement set forth in Section 11(c)(1)(D)(i), Petitioner cannot establish entitlement, and therefore I must **DISMISS** her claim in its entirety. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accord with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.